IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD J. KOEPP | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| vs. | ) | NO. |
| | ) | |
| CITY CLUB/ATLANTA | ) | |
| GALLERIA, INC. | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Richard Koepp ("Plaintiff") and files this lawsuit against Defendant City Club/Atlanta Galleria, Inc., d/b/a The Georgian Club (hereinafter "Defendant") and shows the following:

**I.   Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216 (b) and 28 U.S.C. §1343(4).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 100 Galleria Parkway, N.W., Atlanta, GA 30339. Thus, venue in this Court is proper pursuant to 29 U.S.C. §216(b).

## III.  Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendant as a Service Director beginning November 15, 2012.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

**IV.     Facts**

14.

Plaintiff worked for Defendant within the past three years.

15.

During Plaintiff's employment with Defendant, Plaintiff consistently worked more than forty (40) hours in a workweek.

16.

Despite being fully aware that Plaintiff worked more than forty (40) hours in a workweek, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §204 and §207.

17.

Plaintiff worked as a Service Director.

18.

In that capacity, Plaintiff's activities while at work included but were not limited to, bussing tables, cleaning the restaurant, checking to make sure that supplies were properly shelved and/or checking and ordering inventory, waiting tables, cashiering, answering the phone, moving tables and chairs, and helping customers.

19.

Plaintiff could only hire employees with prior authorization from his

supervisor.

20.

Plaintiff could not fire employees without prior authorization from his supervisor.

21.

Plaintiff's work was performed for the benefit of the Defendant, in the normal course of Defendant's business and was integrated into the business of the Defendant.

22.

The primary duties and work performed by Plaintiff required no capital investment.  Plaintiff's duties did not substantially include managerial responsibilities or the exercise of independent judgment.  Rather, he devoted the majority of his time to many insignificant duties and duties identical to wait staff, bus staff and other non-exempt positions.

23.

When Plaintiff complained that he was not being properly paid in light of the amount of non-exempt work such as physical labor that he was performing, Plaintiff was told that he was required to do whatever it took to ensure that he delivered a high level of customer service.

24.

On or about June 25, 2015, after complaining about Defendant's failure to pay all compensation due to him, including overtime compensation, Plaintiff was terminated from his employment with Defendant.

### V.   Count One -Violation of the Overtime Wage Requirement of the Fair Labor Standards Act (Overtime)

25.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

26.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per workweek without overtime compensation.

27.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

28.

Defendant's conduct was willful and in bad faith.

29.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal

amount, attorneys' fees, and the costs of this litigation.

### VI. Count Two -Violation of the Overtime Wage Requirement of the Fair Labor Standards Act (Retaliation)

30.

Plaintiff realleges and incorporates Paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31.

Plaintiff engaged in protected activity under the FLSA when he complained about Defendant's failure to pay him overtime compensation as required.

32.

By terminating Plaintiff's employment as a result of his FLSA complaint, the Defendant unlawfully retaliated against Plaintiff, in violation of § 215 of the FLSA.

33.

The Defendant's retaliatory conduct towards Plaintiff was willful, intentional, malicious and/or reckless.

34.

The Defendant's retaliatory acts would dissuade reasonable employees of Defendant from making complaints regarding Defendant's unlawful compensation practices.

35.

Due to Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer harm, including financial loss and emotional distress.

36.

As a result of Defendant's retaliation, Plaintiff is entitled to all legal and equitable relief available pursuant to §216(b) of the FLSA, including but not limited to front pay, back pay, liquidated damages in an amount equal to all lost wages, non-pecuniary damages for emotional distress, attorneys' fees, and costs.

## VII.     PRAYER FOR RELIEF

**WHEREFORE,** having shown just cause, Plaintiff respectfully requests this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment on behalf of the Plaintiff and award Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207; §6, 29 U.S.C. §206(d), liquidated damages as provided by 29 U.S.C. §216, front pay, lost benefits, and other damages for lost compensation and job benefits; pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and

(C) Grant declaratory judgment declaring that Plaintiff's rights have been

violated;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted: April 29, 2015.

/s/ Debra K Scott, Esq.
Georgia Bar No. 631980


PETREE & SCOTT
2296 Henderson Mill Rd.
Suite 404
Atlanta, GA 30345
Tel:  404-938-1061
Fax: 770-939-7855
Email: dscott@petreescott.com